STATE, J. AUGUSTUS FAY, JR., PROSECUTOR, v. ROBERT C. BREWSTER.

In prosecutions for the recovery of penalties for violating section 6 of the supplement to insurance laws (*Pamph. L.* 1877, *p.* 102,) it is not necessary to prove or aver that the defendant corporation is a foreign corporation; it is sufficient to show that it has not complied with the provisions of our insurance laws.

Information in debt.    On rule to show cause.

Argued at June Term, 1883, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and KNAPP.

For the plaintiff, *J. A. Fay, Jr.*

For the defendant, *Leslie Lupton.*

The opinion of the court was delivered by

VAN SYCKEL, J. This information was filed to recover the penalty for violation of the sixth section of a supplement to the insurance laws of this state, passed March 8th, 1877. *Pamph. L., p.* 102.

The said supplement provides " That it shall not be lawful for any insurance company, of any kind whatsoever, not incorporated under or by virtue of the laws of this state, itself

or by its agents, surveyors, canvassers or other representative, of whatever designation, nor for any such agent, canvasser or representative, nor for any person, whether on behalf of any such insurance company or not, to open or maintain any office, or in any manner, directly or indirectly, transact any business of insurance within this state, notwithstanding such business may be transacted wholly with citizens of other states; nor for any person within this state to solicit or negotiate any contract of insurance, or deliver or transmit any policy or certificate of renewal thereof, or receive any premium thereon, on any property or thing, or on the life of any person, for, or on behalf of, or in any such company, unless it shall have previously complied with the provisions of the act to which this is a supplement, and the supplements thereto."

The information charges that the defendant, on the 15th day of February, 1881, at Rahway, in this state, did solicit one David B. Dunham to effect a contract of insurance upon his life with the Hartford Life and Annuity Insurance Company, a foreign corporation, organized under the laws of the State of Connecticut, and did then and there negotiate a contract of insurance with the said Dunham, then a citizen of this state, in said insurance company, and in pursuance of said negotiation did then and there cause to be delivered to him a contract of insurance in said company; that at the time of such solicitation and delivery the said insurance company had not complied with the requirements of the insurance laws of this state.

The first ground relied upon for a new trial is, that there is no legal proof of the existence of the alleged foreign corporation under the laws of Connecticut.

The proof was full that said company was not incorporated under the laws of this state, and that it had not complied with the provisions of our insurance laws. That classed it with the interdicted companies, for whose account business could not be solicited within this state, without subjecting the agent to the statutory penalty.

The allegation in the information that it was a foreign cor-

poration was immaterial; it was not necessary to prove it to entitle the plaintiff to recover.

In the second place, it is alleged that it was not shown that the defendant committed the act against which the penalty is denounced.

The evidence is that the defendant handed a prospectus of said insurance company to Dunham, or called his attention to one lying on the table in the bank of which the defendant was cashier. Dunham read the prospectus, and asked defendant what he thought of it, and he replied that it was a good thing; thereupon Dunham told defendant that he had a notion to go into the company. The defendant directed him to a physician to be examined, and afterwards handed or sent the alleged policy of insurance to him.

It is difficult to see how proof to charge the defendant could be more complete, if the contract furnished by him to Dunham is a contract of insurance within the meaning of the statute.

This is denied, and furnishes the last reason for setting aside the verdict below.

The contract is a very peculiar one. It provides a scheme by which, in consideration of the payment of a small sum, and of certain stated dues, by the assured, his representatives, at his death, shall, through the intervention and agency of the said company, receive $1000. In substance and effect this is a contract of insurance.

The heirs of the assured may be disappointed in their just expectations, through the inability of the company to collect the assessments from which the stipulated sum is to be paid to them, but that does not change the character of the transaction.

That the scheme may prove to be delusive is evidence of the wisdom of the law which is framed to prevent its promotion.

The rule to show cause should be discharged.